Michael A. Haines, Esq. (SBN 50687)
HAINES & LEA, LLP
PO Box 7365
Tahoe City, CA 96145
Telephone: 530-583-1617
Fax: 530-583-1799

Attorneys for Secured Creditor
Tamalpais Bank

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| In Re<br><br>CVRR DUBOCE, LLC,<br><br>        Debtor. | CASE NO.: 09-33832 TEC<br>Chapter 11<br><br>DECLARATION OF LAWRENCE CRETAN IN SUPPORT OF MOTION TO CONTINUE STATE COURT RECEIVER AS CUSTODIAN OF CERTAIN REAL PROPERTY OF DEBTOR AND EXCUSE COMPLIANCE WITH 11 U.S.C. §§ 543(a), (b) and (c)<br><br>(11 U.S.C. 543(d))<br><br>Courtroom: Hon Thomas E. Carlson |

**DECLARATION OF LAWRENCE CRETAN IN SUPPORT OF MOTION TO CONTINUE STATE COURT RECEIVER IN POSSESSION OF CERTAIN REAL PROPERTY AND EXCUSE COMPLIANCE WITH 11 U.S.C. §§ 543(a), (b) AND (c)**

Lawrence Cretan hereby declares as follows:

    1.    I am Executive Vice President/Chief Credit Officer of Tamalpais Bank

("TamBank") and submit this Declaration in support of TamBank's Motion to Continue State

DECLARATION OF LAWRENCE CRETAN IN SUPPORT OF MOTION TO CONTINUE STATE COURT APPOINTED RECEIVER IN POSSESSION, CUSTODY AND/OR CONTROL OF CERTAIN REAL PROPERTY, ETC.

2009-33832

Court Receiver In Possession of Certain Real Property and Excuse Compliance with 11 U.S.C. §§ 543(a), (b) and (c) in this Chapter 11 case (the "Motion").

2. On September 25, 2006, TamBank made a loan (the "Loan") in the original principal amount of $4,000,000 to Duboce Development, LLC ("Duboce Development"). The Loan was, and is, secured by (1) a Deed of Trust dated September 25, 2006, executed by Duboce Development and recorded October 6, 2006, in the San Francisco Assessor-Recorder's records as Document 2006-I267030-00 (the "Deed of Trust") and (2) an Assignment of Rents dated September 25, 2006, executed by the Debtor and recorded on October 6, 2006, in the San Francisco Assessor-Recorder's records as Document No. 2006-I267031-00 (the "Assignment of Rents"). A copy of the Deed of Trust containing a description of the Real Property (as defined in the Motion) is attached to this Declaration as Exhibit A. A copy of the Assignment of Rents containing a description of the Real Property is attached to this Declaration as Exhibit B.

3. On July 24, 2007, and unknown to TamBank, Duboce Development defaulted under the Loan by transferring title to the Real Property to the Debtor in this case without TamBank's knowledge or consent in violation of the due on sale clause of the Deed of Trust. As part of the sale Duboce Development took back a note secured by a purchase money deed of trust covering the Real Property junior to TamBank's Deed of Trust in the amount of $2,371,272.25, thereby violating the due on encumbrance clause of the Deed of Trust. The Debtor and Duboce Development compounded the concealment by having Duboce Development manage the Real

DECLARATION OF LAWRENCE CRETAN IN SUPPORT OF MOTION TO CONTINUE STATE COURT APPOINTED RECEIVER IN POSSESSION, CUSTODY AND/OR CONTROL OF CERTAIN REAL PROPERTY, ETC.

2009-33832

2

Case: 09-33832   Doc# 14   Filed: 12/10/09   Entered: 12/10/09 16:41:17   Page 2 of 5

Property for the Debtor and continuing to make payments under the Loan so that TamBank would not be aware of the transfer of the Real Property and the terms thereof.

4. On account of such defaults the total unpaid balance of the Loan is now due and owing in full and not reinstateable under California law. The unpaid principal balance of the Loan as of December 1, 2009 was $3,979,285.18. In addition, there was $197,324.78 in accrued but unpaid interest due and owing under the Loan as of December 1, 2009. Interest accrues on the Loan at the rate of $939.55 per day. There is also due and owing the sum of $135,531.23 in reimbursable costs and expenses and late fees as of December 1, 2009.

5. Because TamBank did not discover these defaults until after the Duboce Development Chapter 11 case was commenced on April 17, 2009, TamBank had not taken any action to foreclose the Deed of Trust. After receiving relief from stay in the Duboce Development case, on August 10, 2009, TamBank commenced non-judicial foreclosure proceedings under the Deed of Trust. A sale of the Real Property was scheduled for December 3, 2009, but such sale has been postponed due to the filing of this Case. Currently, the sale is set for December 15, 2009. TamBank also obtained the appointment of Susan L. Uecker as receiver of the Real Property (the "Receiver")

6. TamBank is informed and believes that the liens on the Real Property as of December 31, 2009 are as follows:

Delinquent Taxes          $104,044.68

DECLARATION OF LAWRENCE CRETAN IN SUPPORT OF MOTION TO CONTINUE STATE COURT APPOINTED RECEIVER IN POSSESSION, CUSTODY AND/OR CONTROL OF CERTAIN REAL PROPERTY, ETC.

2009-33832

3

|   |   |
|---|---|
| 2009/2010 1st Installment | $29,204.70 |
| TamBank | $4,312,141.19 |
| The Debtor | $2,371,272.25. |
| Total | $$6,816,662.82 |

The market value of the Real Property is $4,300,000, assuming no parking, and $5,000,000, assuming parking on the adjacent property mentioned in Paragraph 7, below. In addition costs of sale are estimated to be approximately ten percent of the purchase price. Thus, there is a negative equity of between $2,316,662.82 and $2,946,662.82 for the Debtor. Therefore, TamBank is informed and believes that the Debtor has no economic interest in the Real Property due to the debt to value ratio of the Real Property.

7. The situation and valuation of the Real Property is complicated by its relationship to an adjacent parcel. The Real Property has no self contained parking. There is a parcel of real property adjacent to the Real Property which may or may not be required to provide parking for the Real Property. The owner of the adjacent parcel contends that the adjacent parcel is not required to provide parking for the Real Property and has threatened to barricade the adjacent property in order to prevent parking for the Real Property. As indicated above, lack of dedicated parking for the Real Property negatively impacts the value of the Real Property. The owner of the adjacent parcel has indicated that it has no interest in negotiating with the Debtor or Duboce Development to resolve the dispute.

DECLARATION OF LAWRENCE CRETAN IN SUPPORT OF MOTION TO CONTINUE STATE COURT APPOINTED RECEIVER IN POSSESSION, CUSTODY AND/OR CONTROL OF CERTAIN REAL PROPERTY, ETC.

2009-33832

4

Case: 09-33832   Doc# 14   Filed: 12/10/09   Entered: 12/10/09 16:41:17   Page 4 of 5

8. The interests of creditors would be better served by the retention of the Receiver because:

(1) The Debtor has no experience in managing the Real Property while the Receiver has.

(2) The Debtor has no equity in the Real Property and, therefore, nothing that would be available for creditors other than TamBank.

(3) I am informed and believe that the parking issues cannot be resolved by the Debtor.

(4) TamBank is entitled to relief from stay and will be moving for such soon. Flip-flopping the management of the Real Property will be unsettling to tenants, possibly leading to loss of some of them.

(5) I am informed and believe that the Debtor has no ability to raise funds to deal with the deferred maintenance on the Real Property.

I declare under penalty of perjury of the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: December 10, 2009

_____
Lawrence Cretan

DECLARATION OF LAWRENCE CRETAN IN SUPPORT OF MOTION TO CONTINUE STATE COURT APPOINTED RECEIVER IN POSSESSION, CUSTODY AND/OR CONTROL OF CERTAIN REAL PROPERTY, ETC.

2009-33832

5