at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Trustor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Trustor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of San Francisco County, State of California. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Acceptance by Trustee.** Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

**NOTICES.** Any notice required to be given under this Deed of Trust shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. Trustor requests that copies of any notices of default and sale be directed to Trustor's address shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Trustor agrees to keep Lender informed at all times of Trustor's current address. Unless otherwise provided or required by law, if there is more than one Trustor, any notice given by Lender to any Trustor is deemed to be notice given to all Trustors.

**STATEMENT OF OBLIGATION FEE.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** This Deed of Trust, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust. No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Annual Reports.** If the Property is used for purposes other than Trustor's residence, Trustor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Trustor's previous fiscal year in such form and detail as Lender shall require. "Net operating income" shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law.** This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Deed of Trust has been accepted by

*[handwritten: Exhibit A Part 2]*

Lender in the State of California.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust. No prior waiver by Lender, nor any course of dealing between Lender and Trustor, shall constitute a waiver of any of Lender's rights or of any of Trustor's obligations as to any future transactions. Whenever the consent of Lender is required under this Deed of Trust, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Trustor, Lender, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**Waive Jury. To the extent permitted by applicable law, all parties to this Deed of Trust hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.**

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Deed of Trust. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.** The word "Beneficiary" means TAMALPAIS BANK, and its successors and assigns.

**Borrower.** The word "Borrower" means Duboce Development, LLC, a California limited liability company and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Trustor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Default.** The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Trustor's obligations or expenses incurred by Trustee or Lender to enforce Trustor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

**Lender.** The word "Lender" means TAMALPAIS BANK, its successors and assigns.

**Note.** The word "Note" means the promissory note dated September 25, 2006, **in the original principal amount of $4,000,000.00** from Trustor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement. **NOTICE TO TRUSTOR: THE NOTE CONTAINS A VARIABLE INTEREST RATE.**

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all

Case: 09-33832    Doc# 14-2    Filed: 12/10/09    Entered: 12/10/09 16:41:17    Page 2 of 8

replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future leases, rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property together with the cash proceeds of the Rents.

**Trustee.** The word "Trustee" means Old Republic Title, whose address is 927 Irving Street, San Francisco, CA 94122 and any substitute or successor trustees.

**Trustor.** The word "Trustor" means Duboce Development, LLC, a California limited liability company.

TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND TRUSTOR AGREES TO ITS TERMS, INCLUDING THE VARIABLE RATE PROVISIONS OF THE NOTE SECURED BY THIS DEED OF TRUST.

**TRUSTOR:**

**DUBOCE DEVELOPMENT, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY**

CLARKESON INVESTMENT, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, Member of Duboce Development, LLC, a California limited liability company

By: _____
Mikhail Arendikov, Managing Member of Clarkeson Investment, LLC, a California limited liability company

BALNA GOWAN HOLDINGS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, Member of Duboce Development, LLC, a California limited liability company

By: _____
Martina Quinn, Managing Member of Balna Gowan Holdings, LLC, a California limited liability company

By: _____
Patrick Murphy, Managing Member of Balna Gowan Holdings, LLC, a California limited liability company

DUBOCE PARTNERS, LLC., A CALIFORNIA LIMITED LIABILITY COMPANY, Member of Duboce Development, LLC, a California limited liability company

By: _____
Patrick Spiers, Managing Member of Duboce Partners, LLC., a California limited liability company

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF California )
                                ) SS
COUNTY OF San Francisco )

On ~~October 28~~ September 28, 2006 before me, Helen Dumont, notary public, personally appeared ~~Mikhail Afendikov and Martina Quinn and Patrick Murphy and~~ Patrick Spiers, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Helen D_____

```
HELEN DUMONT
COMM. # 1545386
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
COMM. EXP. JAN. 17, 2009
```
(Seal)

### (DO NOT RECORD)
### REQUEST FOR FULL RECONVEYANCE
(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and holder of all indebtedness secured by this Deed of Trust. All sums secured by this Deed of Trust have been fully paid and satisfied. You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust. Please mail the reconveyance and Related Documents to:

Date: _____      Beneficiary: _____
                                                     By: _____
                                                     Its: _____

LASER PRO Lending, Ver. 6.31.00.004 Copr. Harland Financial Solutions, Inc. 1997, 2006. All Rights Reserved. - CA L:\CFI\WIN\CFI\LPL\G01.FC TR-2561 PR-CMCL_RE

# EXHIBIT A

The land referred to in this Report is situated in the County of San Francisco, City of San Francisco, State of California, and is described as follows:

Commencing at a point on the Southerly line of Duboce Avenue, formerly Ridley Street, distant thereon 317 feet Westerly from the Southwesterly corner of Duboce Avenue and Guerrero Street; running thence Southerly parallel with the Westerly line of Guerrero Street 90 feet; thence at a right angle Westerly 63 feet to a point distant Easterly 180 feet from the Easterly line of Duboce Street, produced Northerly, measured at a right angle thereto; thence Northerly parallel with the Westerly line of Guerrero Street 7 feet, 8 inches; thence Northwesterly 72 feet, 4 inches to a point on the Southeasterly line of Market Street, distant thereon 41 feet, 11 inches Southwesterly from the Southerly line of Dubocce Avenue; thence Northeasterly along the Southeasterly line of Market Street 41 feet, 11 inches to the Southerly line of Duboce Avenue; thence Easterly along said line of Duboce Avenue 78 feet, 1-1/4 inches more or less to the point o commencement.

Being a portion of Mission Block No 25.

APN: Lot 058; Block 3534

State of California

County of San Francisco

On 2nd day of October, 2006 before me, Helen Dumont a Notary Public in and for said State, personally appeared Mikhail Afendikov, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

Name: Helen Dumont
     (typed or printed)                             (Seal)



HELEN DUMONT
COMM. # 1545386
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
COMM. EXP. JAN. 17, 2009

HD/hd

State of California

County of San Francisco

On 3rd day of October, 3006 before me, Helen Dumont a Notary Public in and for said State, personally appeared Martina Quinn and Patrick Murphy, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

Name: Helen Dumont
(typed or printed)                                                  (Seal)



HD/hd

# FINANCIAL STATEMENTS

This FINANCIAL STATEMENTS is attached to and by this reference is made a part of the Deed of Trust, dated September 25, 2006, and executed in connection with a loan or other financial accommodations between TAMALPAIS BANK and Duboce Development, LLC, a California limited liability company.

Trustor, without expense to Beneficiary, shall furnish (i) an annual unaudited statement of the operation of the Mortgaged property prepared by a certified public accountant, showing in reasonable detail satisfactory to Beneficiary total rents received and total expenses together with an annual balance sheet and profits and loss statement, personal financial statement, 1040 U.S. Individual Income Tax Return, 1120 U.S. Corporation Income Tax Return, 1120S U.S. Income Tax Return For An S. Corporation, 1065 U.S. Partnership Return Of Income, 1041 U.S. Fiduciary Income Tax Return, 990 Return Of Organization Exempt From Income Tax, within one hundred twenty (120) days after the close of each fiscal year of Trustor, beginning with the fiscal year first ending after the date of delivery of this Deed of Trust, and (ii) such interim balance sheets and profit and loss statements as may be required by Beneficiary. On demand, Trustor shall furnish to Beneficiary and its agents convenient facilities for the audit of any such statements.

THIS FINANCIAL STATEMENTS IS EXECUTED ON SEPTEMBER 25, 2006.

**TRUSTOR:**

DUBOCE DEVELOPMENT, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

CLARKESON INVESTMENT, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, Member of Duboce Development, LLC, a California limited liability company

By: _____
Mikhail Afendikov, Managing Member of Clarkeson Investment, LLC, a California limited liability company

BALNA GOWAN HOLDINGS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, Member of Duboce Development, LLC, a California limited liability company

By: _____
Martina Quinn, Managing Member of Balna Gowan Holdings, LLC, a California limited liability company

By: _____
Patrick Murphy, Managing Member of Balna Gowan Holdings, LLC, a California limited liability company

DUBOCE PARTNERS, LLC., A CALIFORNIA LIMITED LIABILITY COMPANY, Member of Duboce Development, LLC, a California limited liability company

By: _____
Patrick Spiers, Managing Member of Duboce Partners, LLC., a California limited liability company

LASER PRO Lending, Ver. 5.31.00.004 Copr. Harland Financial Solutions, Inc. 1997, 2006. All Rights Reserved. - CA L:\CFIWIN\CFALPL\G01.FC TR-2661 PR-CMCL_RE